UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

March 23, 2020

LETTER TO COUNSEL

RE: *Barbara G. v. Commissioner, Social Security Administration*
Civil No. DLB-19-2890

Dear Counsel:

On October 1, 2019, Plaintiff filed a complaint contesting a decision by the Commissioner of the Social Security Administration ("SSA"). ECF No. 1. The Commissioner filed a Motion to Dismiss for untimely filing. ECF No. 9. Plaintiff did not file an opposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Commissioner's Motion to Dismiss must be granted.

On July 23, 2019, the Appeals Council mailed Plaintiff notice of its decision denying her request for review of an adverse decision from an Administrative Law Judge pertaining to her disability claim. ECF No. 9-2 at 27.[1] That notice also advised Plaintiff of her right to commence a civil action within sixty days from receipt of the notice. *Id.*; *see* 42 U.S.C. § 405(g)-(h). The Commissioner's regulations have interpreted the statute to permit sixty-five days from the date of the notice to allow sufficient time for mailing the notice. 20 C.F.R. §§ 404.901, 422.210(c). Therefore, Plaintiff had to file her civil action on or before September 26, 2019. Instead, Plaintiff filed her complaint on October 1, 2019. ECF No. 1. Through its declaration, the SSA has stated that it "is not aware of any request for an extension of time to file a civil action." ECF No. 9-2, Podraza Decl. ¶ 3(b).

Congress has authorized lawsuits seeking judicial review of decisions by the SSA only under certain limited conditions, including filing deadlines specified by statute. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The limitations period must therefore be strictly enforced, absent (1) an agreement by the SSA to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines. There was no agreement to toll the deadlines in this case. Moreover, "because of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause

---

[1] In her complaint, Plaintiff alleges that the "date of the final decision by the Commissioner is July 30, 2019." ECF No. 1. The Commissioner submitted a declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations for the SSA, stating that the Appeals Council's decision was dated July 23, 2019, ECF No. 9-2 ¶ 3(a), and attached a "Notice of Appeals Council Action" dated July 23, 2019, *id.*, Exh. 2. Plaintiff did not respond to the Commissioner's motion. Based on the record before me, I find that the date of the Commissioner's final decision was July 23, 2019.

of action.'" *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280 (4th Cir. 2000); *see also Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986) (explaining that "equitable tolling of the 60-day requirement is justified 'where consistent with congressional intent and called for by the facts of the case.'") (quoting *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)). Plaintiff has not alleged, and the record does not reflect, any misconduct on the part of the SSA in this case. As a result, equitable tolling is not warranted. Plaintiff filed her complaint after the statutory limitations period had run, and, therefore, the SSA's Motion to Dismiss must be granted.

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF No. 9, is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge